ROBERT J. AND DIANE O'CONNOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connor v. Commissioner
Docket No. 3498-93
United States Tax Court
T.C. Memo 1994-170; 1994 Tax Ct. Memo LEXIS 176; 67 T.C.M. (CCH) 2708; April 19, 1994, Filed *176 Decision will be entered for respondent. Robert J. O'Connor and Diane O'Connor, pro sese. For respondent: Alan R. Peregoy. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1990 in the amount of $ 3,675.70. The only issue for decision is whether a distribution to petitioner Diane O'Connor (petitioner or Mrs. O'Connor) [2] from the Maryland State Retirement System in 1990 is subject to the 10-percent additional tax imposed by section 72(t) (the section 72(t) penalty tax) on that portion of an early distribution from a qualified retirement plan which was includable in gross income in the year of distribution. *177 Some of the facts have been stipulated, and they are so found. Petitioners resided in Hagerstown, Maryland, at the time their petition was filed with the Court. Petitioner has taught public school in the Washington County school district of Maryland since 1970 or 1971. Until she received a distribution from the Teachers' Retirement System of the State of Maryland (hereinafter sometimes referred to as the old retirement plan) in 1990, petitioner was a participant in the old retirement plan. The old retirement plan was a qualified retirement plan within the meaning of sections 401(a) and 4974(c). [3]
In 1979, the Maryland State legislature (the legislature) *178 adopted legislation creating the Teachers' Pension System of the State of Maryland (the new retirement plan) and enabling participants in the old retirement plan to transfer to the new retirement plan. See Md. Code Ann. art. 73B, secs. 83(8), 86B(6), 142, 144(4) (1988); , affd. (4th Cir., Dec. 5, 1985) (discussing the old and new retirement plans). During the 1980's, petitioners were aware of reports that the old retirement plan was underfunded. In 1984, the legislature adopted an amendment (the amendment) to the State law governing pensions. Md. Code Ann. art. 73B, sec. 86B(6)(b) (1988). The amendment altered the mechanism by which interest on a distribution from the old retirement plan would be calculated when a participant transferred to the new retirement plan (transfer distribution). Id. The amendment was intended to encourage participants in the old retirement plan to transfer to the new retirement plan by effectively increasing the amount of interest available upon a transfer distribution. In 1990, the amount of interest provided on a distribution, *179 calculated in accordance with the amendment, was 15.5 percent compounded annually. This was a significantly greater effective rate of interest than petitioner or her beneficiaries would have been entitled to recover had the distribution not been a transfer distribution. See Md. Code Ann. art. 73B, sec. 81(12)(a) (1988). The Court was unable to determine, on the basis of evidence introduced, the source of funds used to pay the additional interest (additional interest). In 1990, petitioner decided to, and in fact did, take a transfer distribution from the old retirement plan. She received a total of $ 54,898 (the distribution), which included her after-tax contributions of $ 18,140. Petitioners filed their 1990 tax return in a timely fashion, and properly declared the amount of the distribution in excess of petitioner's contribution as income at that time ($ 36,757.08 or $ 54,898-$ 18,140). Petitioners were not advised of the possible application of the section 72(t) penalty tax. Respondent determined that petitioners were liable for the section 72(t) penalty tax because the distribution received by petitioner constituted an early distribution from a qualified retirement plan *180 and none of the exceptions identified in sction 72(t) were applicable. [4]
Although petitioners stipulated that none of the exceptions identified in section 72(t) apply, they nevertheless advance several theories to counter respondent's determination. Some of these theories are simply untenable, and we decline to address them individually. This Court has already indicated that, in the absence of an applicable exception, the section 72(t) penalty tax does apply to that portion of a transfer distribution from the Teachers' Retirement System of Maryland *181 that represents taxable income in the year of the distribution. . Nonetheless, one argument advanced by petitioners does merit consideration and discussion. Specifically, petitioners contend that the portion of the distribution in excess of the amount petitioner would have been entitled to had she not transferred to the new retirement plan is not subject to the section 72(t) penalty tax because they contend that it was not a distribution from a qualified retirement plan within the meaning of section 72(t). Petitioners' argument rests on the possibility that the source of the funds used to finance payment of the additional interest may not have been the old retirement plan itself. Petitioners reason that if the source of the funds was not the old retirement plan, the distribution was not "received from a qualified retirement plan". As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); . Petitioner failed to prove *182 that the source of the funds from which the additional interest was paid was other than the old retirement plan. This provides a sufficient basis upon which to sustain respondent's determination, particularly given the well-established principle that "exemptions from taxation are not to be implied; they must be unambiguously proved." ; ; . Because petitioners' contention is colorable, however, we also address its substance. We are unwilling to accept the premise of petitioners' argument that in order for a distribution from a qualified governmental retirement plan to be subject to the section 72(t) penalty tax, the source of funds for that distribution must have been the qualified retirement plan under the auspices of which the payment is made. In our view, this is too narrow a reading of the statutory language. To require an examination of the source of funds would invite the question of how far back to trace the source of the *183 funds and would introduce unnecessary complexity to a relatively straightforward provision of the law governing the taxation of retirement plans. Rather, the proper reading of the statutory language should be that the entire amount of an early distribution which is includable in gross income and which is not subject to any exception found in section 72(t) is subject to the section 72(t) penalty tax as long as the distribution is a direct consequence of the taxpayer's participation in the qualified retirement plan. In this case, regardless of the source of the funds used to pay the additional interest, the transfer distribution was clearly the direct consequence of petitioner's participation in the old retirement plan. In fact, the source of the authority for the payment was the amendment to the State law governing pensions, the same law which established both the old and the new retirement plans. Md. Code Ann. art. 73B, sec. 86B(6)(b) (1988). We find the source of authority to pay the additional interest significantly more relevant to the determination of the application of the section 72(t) penalty tax than the source of the funds used to pay the additional interest. Based *184 on the foregoing, the Court holds that the distribution to petitioner was a distribution "from a qualified retirement plan" subject to the section 72(t) penalty tax. Accordingly, we sustain respondent's determination. We recognize that petitioners may be particularly disappointed in the outcome of this case in light of the fact that, although it was clearly the intent of the State of Maryland (the State) to encourage participants in the old retirement plan to obtain voluntary transfer distributions, the State failed to fully caution them regarding the potential tax consequences of obtaining those transfer distributions. We note that in , under circumstances where the taxpayer's receipt of an early distribution from a retirement plan was the consequence of the taxpayer's employer's termination of the plan, the Court observed that, in the absence of an applicable exception under section 72(t), the section 72(t) penalty tax applied to the involuntary early distribution. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All references to petitioner in the singular are to Diane O'Connor, while references to petitioners are to both Robert J. O'Connor and Diane O'Connor.↩
3. On June 23, 1982, a determination letter was issued to the Teachers' Retirement System of the State of Maryland by the Internal Revenue Service indicating that it was a qualified retirement plan. Section 4974(c) provides that the term "qualified retirement plan" includes any plan * * * which, at any time, has been determined by the Secretary to be such a plan".↩
4. Section 72(t)(1) reads: (t) 10-PERCENT ADDITIONAL TAX ON EARLY DISTRIBUTIONS FROM QUALIFIED RETIREMENT PLANS.-- (1) IMPOSITION OF ADDITIONAL TAX. -- If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.↩